IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE ROSS,

      Plaintiff,

v.

BRANDON GARRISON,

      Defendant.

Civil Action No. 1:cv-520
Hon. _____

**COMPLAINT**

---

Roger G. Cotner (P36569)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
roger@cotnerlaw.us

---

### Introduction

1. This case involves exploitation of an elderly lady facing dire financial circumstances and the foreclosure of her home of 32 years.

2. Plaintiff brings this action to recover ownership of her home; to quiet title of Plaintiff's personal residence; to recover damages from Defendants for their actions related to Plaintiff's personal residence; and for such other and further relief as the Court determines fair and just.

1

3. Plaintiff reserves the right to amend this complaint should new allegations arise in the course of discovery.

## Jurisdiction and Venue

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. Venue in this judicial district is proper because the Defendant transacts business here, the pertinent events took place here, and Plaintiff resides here.

## Parties

5. The Plaintiff in this case is Michelle Ross, a citizen of the State of Michigan. She resides at 3261 Hartman Road, Sodus, Berrien County, Michigan 49126 ("Home"). The Plaintiff is referred to as "Ms. Ross" or "Plaintiff".

6. Defendant Brandon Garrision is a citizen of the State of Illinois and resides at 1328 North Sutton Place, Chicago, Illinois 60610-2008. The Defendant is referred to as "Mr. Garrison" or "Defendant".

## Factual Allegations

7. Plaintiff acquired her interest in her Home with her now deceased husband on or about July 9, 1993, by entering into a land contract with Robert L. Simanton and Joyce A. Simanton.

8. Ms. Ross and her now deceased husband acquired fee simple interest in her Home by a warranty deed recorded in the Berrien County, Michigan, Register of Deeds office on June 24, 1994, at Liber 1646, Page 178. A copy of this deed is attached at Exhibit A and incorporated here.

9. Ms. Ross has lived in this Home at all times since 1993.

10. Ms. Ross and her now deceased husband borrowed funds from Amerifirst Financial Corporation on June 23, 1994, to finance the purchase of their Home after their land contract with Robert L. Simonton and Joyce A. Simanton. Plaintiff and her now deceased husband signed a mortgage which secured the loan with their Home.  The mortgage was duly recorded at Berrien County Register of Deeds, Liber 1646, Page 180.

11. Upon information and belief, The Huntington National Bank ("Huntington") later acquired Amerifirst's mortgage interest in Plaintiff's Home.

12. Plaintiff's regular monthly mortgage payment on her Home was approximately $427 at all relevant times.

13. Ms. Ross estimates the value of her Home to be approximately $200,000. The 2025 State Equalized Value of Plaintiff's Home is $97,900, indicating a true cash value of $195,800.

14. Upon information and belief, Defendant knew the value of Ms. Ross's home at all relevant times.

15. Plaintiff fell behind with her Home mortgage payments in 2025.  On or about September 18, 2025, Huntington began foreclosure proceedings against Plaintiff's Home.  At the time, Ms. Ross owed $51,596.23 on the mortgage.  A facsimile copy of the published foreclosure notice is attached at Exhibit B and incorporated here.

16. Plaintiff had approximately $148,000 of equity in her Home at all relevant times.

17. Defendant knew the amount Plaintiff owed to Huntington on the Home mortgage at all relevant times.

18. Defendant knew that Plaintiff had very substantial equity in her Home at all relevant times.

19. On or about October 1, 2025, Brandon Garrison telephoned Plaintiff at her Home, informed her that he knew of the impending foreclosure sale, and offered his assistance regarding the foreclosure. Specifically, Mr. Garrison stated that if Ms. Ross would transfer her Home and redemption rights to him, that he would purchase her Home at the foreclosure sale or redeem it from the successful foreclosure sale bidder, and then lease her Home back to her for her life for $427 a month.

20. Plaintiff did not want to lose her Home to foreclosure and did not want to move from her Home of 32 years.

21. Plaintiff reasonably relied on the truthfulness of Mr. Garrison's representations and verbally agreed to his proposed terms during the October 1, 2025, telephone conversation.

22. Huntington's foreclosure sale was adjourned several times until it was finally scheduled for December 5, 2025, at 11:00 a.m.

23. On December 4 and 5, 2025, and just hours before the foreclosure sale, Mr. Garrison again contacted Ms. Ross by telephone at her Home to confirm her willingness to cooperate with him regarding the foreclosure sale of her Home and his lease of her Home back to her so that she would not have to move from her Home.

24. Mr. Garrison then dispatched his agent, Kyle Hammond, to Plaintiff's Home, with instructions to have Plaintiff sign certain documents prepared at Defendant's

direction. Mr. Hammond presented Plaintiff with three documents provided by Defendant or his agent.

25. Mr. Hammond then directed Plaintiff to sign an Acknowledgment of Intent and Legal Rights ("Acknowledgment"), a copy of which is attached at Exhibit C and incorporated here.

26. Plaintiff did not carefully read the entire Acknowledgment before she signed it.

27. The Acknowledgment presented to Plaintiff by Defendant's agent differed significantly from the representations Defendant made to Plaintiff in October. Specifically, the Acknowledgment provided that the Buyer of Ms. Ross's home would be PT0123 rather than Mr. Garrison; falsely acknowledged receipt of $59,273.93 which was neither tendered nor received; that PT0123 will be her landlord rather than Mr. Garrison; and that her monthly rent will be $600 rather than the $427 monthly rent for life as represented by Mr. Garrison.

28. Defendant's agent also presented Plaintiff with a Quit Claim Deed ("Deed") that would transfer ownership and the redemption rights of Plaintiff's Home from her to PT0123, a copy of which is attached at Exhibit D and incorporated here.

29. Plaintiff did not carefully read the entire Deed before she signed it.

30. The Deed presented to Plaintiff by Defendant's agent differed significantly from the representations Defendant made to Plaintiff in October. Specifically, the Deed conveys Ms. Ross's home to PT0123 rather than to Mr. Garrison.

31. Defendant's agent also presented a Residential Lease ("Lease") for Plaintiff's Home to Plaintiff for her signature, a copy of which is attached at Exhibit E and

incorporated here.

32. Plaintiff did not carefully read the entire Lease before she signed it.

33. The Lease presented to Plaintiff by Defendant's agent differed significantly from the representations Defendant made to Plaintiff in October. Specifically, the Lease provides that RT0917 will be her landlord rather than Mr. Garrison; provides for monthly rent of $600 rather than $427; and the term of the Lease is indefinite rather than a life lease.

34. Defendant's agent did not provide Plaintiff with a meaningful opportunity to read the 13 pages of legal documents, nor did Plaintiff have the opportunity to have the legal documents reviewed by an attorney.

35. Plaintiff's meeting with Defendant's agent lasted approximately 15 minutes.

36. Ms. Ross would not have agreed to the terms of the transactions had she been informed of the actual terms by Mr.Garrison.

37. On December 5, 2025, Defendant caused an Affidavit Relating to Real Property ("Affidavit") to be recorded with the Berrien County, Michigan, Register of Deeds office. A copy of the Affidavit as recorded at Liber 3466, Page 0270, at 3:15:14 p.m. on December 5, 2025, is attached at Exhibit F and incorporated here.

38. The Affidavit, made by Amy Wygant as agent for RT0917, falsely states that "RT0917 claims (an) interest in Plaintiff's Home ... (by) (a)n agreement for the purchase and sale of (Plaintiff's Home that) was entered into by and between RT0917 as Buyer, and Michelle Ross, as Seller, on December 5, 2025...."

39. At all relevant times, RT0917 had absolutely no interest in Plaintiff's Home.

40. Upon information and belief, on or about December 12, 2025, Huntington's attorney provided Defendant with a sheriff's deed evidencing his purchase of Ms. Ross's home for approximately $52,000.

41. As of today, Defendant has not yet recorded that sheriff's deed with the Berrien County, Michigan, Register of Deeds.

42. As of today, Defendant has not yet recorded the Deed purporting to convey Plaintiff's Home to PT0123 with the Berrien County, Michigan, Register of Deeds.

43. Upon information and belief, Defendant has similarly taken advantage of more than 100 Michigan property owners in Berrien and VanBuren Counties.

44. As of today, Plaintiff is the record title holder of her Home.

## Trial by Jury

45. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## COUNT ONE
## FRAUD

46. Plaintiff incorporates the above allegations here.

47. Defendant made representations to Plaintiff of material facts related to the foreclosure sale process, ownership of her Home, and the leasing of her Home to her.

48. Defendant's representations to Plaintiff were false when he made the representations.

49. Defendant knew his representations were false when he made them, or he made those representations recklessly, without knowledge of the truth of the representations.

50. Defendant made these representations with the intention of inducing Plaintiff's reliance upon them to convey title of her Home to Defendant for significantly less that the value of Plaintiff's Home.

51. Plaintiff relied upon Defendant's representations and conveyed her home to him.

52. Plaintiff has suffered significant damages as a result.

## COUNT TWO
## UNDUE INFLUENCE

53. Plaintiff incorporates the above allegations here.

54. Defendant developed a confidential relationship with Plaintiff through his representations related to Plaintiff's remaining in her Home of many years, after she had given up hope of doing so.

55. Defendant's representations overpowered Plaintiff's free will.

56. Plaintiff trusted Defendant to act with integrity and fidelity in helping her maintain her residence in her Home.

57. Defendant violated that trust by causing Plaintiff to essentially give Defendant her Home for little or no consideration.

58. Defendant wrongfully caused Plaintiff to sign the Deed conveying her Home to PT0123.

59. Defendant exercised undue influence over Plaintiff such that she acted not of her own free will but rather of the will of Defendant.

## COUNT THREE
## SLANDER OF TITLE

60. Plaintiff incorporates the above allegations here.

61. On December 5, 2025, Defendant caused the recording of the Affidavit falsely stating that RT0917 had an interest in Plaintiff's Home.

62. Defendant's recording of the Affidavit rendered Plaintiff's Home unmarketable by Plaintiff.

63. Defendant filed the Deed with the express purpose of preventing Plaintiff from selling or otherwise conveying her interest in her Home.

64. Plaintiff has suffered significant damages as the direct result of Defendant's causing the recording of the Affidavit.

## COUNT FOUR
## QUIET TITLE

65. Plaintiff incorporates the above allegations here.

66. Plaintiff seeks equitable relief pursuant to M.C.L. § 600.2932 against Defendant regarding real property located in Berrien County, Michigan, which Plaintiff uses as her Home.

67. Defendants' presenting the Affidavit to the Berrien County, Michigan, Register of Deeds for recording has clouded Plaintiff's title to her Home.

## RELIEF REQUESTED

WHEREFORE, Plaintiff asks the Court

A. To enter an Order that declares the Affidavit, Deed, Acknowledgment and Lease to be void and of no effect; declares the Affidavit invalid; requires the recordation of a certified copy of that Order with the invalid document's liber and page number in the Berrien County, Michigan, Register of Deeds land records; requires Defendant to pay the costs of such recording;

B. To enter judgment that Plaintiff holds full legal and equitable title to her Home in fee simple absolute, free and clear of any and all claims of Defendant in this action, and quieting title to the Home forever in Plaintiff; and

C. To enter a judgment against Defendant in an amount to be determined to fairly compensate Plaintiff for her actual damages caused by Defendant's fraud and slander of her Home's title;

D. To enter a judgment against Defendant including exemplary damages in an amount to be determined to make Plaintiff whole;

E. To enter a judgment against Defendant for Plaintiff's attorney fees and costs associated with this case; and

.

  F. For such other and further relief as the Court determines fair and just.

                Respectfully submitted,
                COTNER LAW OFFICES

Date: February 16, 2026      /s/ Roger G. Cotner
                Roger G. Cotner (P36569)
                Attorney for Plaintiff
                COTNER LAW OFFICES
                P.O. Box 838
                Grand Haven, MI 49417
                616-846-7153
                roger@cotnerlaw.us